SCOTT J. HYMAN (State Bar No. 148709)
sjh@severson.com
AN LE (State Bar No. 260817)
al@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendant
WELLS FARGO BANK, N.A. (erroneously sued
as Wells Fargo Bank)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Teal Langworthy and Chad Langworthy, | Case No. 1:15-cv-01100 -JLT |
| Plaintiffs, | [~~PROPOSED~~] ORDER TO STAY ACTION PENDING ARBITRATION |
| vs. | (Doc. 10) |
| Wells Fargo Bank, and Does 1 to 25, inclusive, | |
| Defendants. | |

**~~PROPOSED~~ ORDER**

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936); see also Gold v. Johns–Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir.1983) (holding that the power to stay proceedings comes from the power of every court to manage the cases on its docket and to ensure a fair and efficient adjudication of the matter at hand).  This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254–55.  In determining whether a stay is warranted, courts consider the potential prejudice to the non-moving party; the hardship or inequity to the moving party if the action is not stayed; and the judicial resources that

1

would be saved by simplifying the case or avoiding duplicative litigation if the case before the court is stayed.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962).

The Court finds the parties' resources as well as the Court's resources would be preserved if the matter was stay pending the arbitration.  Moreover, the Court is unaware of any hardship or inequity that would result thereby.  Consequently, the Court will GRANT the stipulation. (Doc. 10)

**ORDER**

1. The stipulation of the parties to stay this matter (Doc. 10) is **GRANTED**;

2. The matter is **REMANDED** to arbitration and the matter is **STAYED**;

3. No later than June 3, 2016, and every 60 days thereafter, counsel **SHALL** file a joint status report setting forth the status of the arbitration and whether the Court should lift the stay.

IT IS SO ORDERED.

Dated:   **November 12, 2015**          /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

07685.1496/5603987.1

[PROPOSED] ORDER TO STAY ACTION PENDING ARBITRATION